**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>GILBERT NICKENS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Civ. No. 09-4278 (PGS)</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>**MEMORANDUM OPINION**</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Respondent.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**SHERIDAN, U.S.D.J.:**

This matter comes before the Court upon the August 17, 2009 motion of petitioner Gilbert Nickens ("Petitioner") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Respondent the United States of America (the "Government") filed an answer on November 2, 2010. (Doc. No. 20) Having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, this Court will deny Petitioner's motion.[1]

## I.    BACKGROUND

On June 27, 2007, an indictment was issued by a grand jury in the District of New Jersey that charged Petitioner with dealing in firearms without a license in violation of 18 U.S.C. § 922 (a)(1)(A) & 2, and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) & 2. (Gov.'s Answer Ex. A. ("Plea Agreement") at 1). On August 21, 2007, pursuant to a Plea

---

[1]  Additionally, on March 15, 2010, Petitioner filed a subsequent motion that appears to request decision of Petitioner's § 2255 motion. (Doc. No. 13). This Court's present decision of Petitioner's § 2255 motion, therefore, renders Petitioner's subsequent motion moot.

Agreement, Petitioner entered a plea of guilty. (*Id*. Ex. B. ("Plea Hearing Transcript") at 2). During the Rule 11 hearing, the Hon. Garrett E. Brown, Jr., U.S.D.J., then-presiding, reviewed Petitioner's answers to the Rule 11 form (*Id*. Ex. C.) with Petitioner.[2] (*Id.* Ex. B, at 6:2-7:4.). The Government and Petitioner also entered into a cooperation agreement. (*Id.* Ex. D.). On March 3, 2008, in *United States v. Sean L. Hagins*, 06-cr-485 (LDD), in the United States District Court in the Eastern District of Pennsylvania, Petitioner testified as a witness for the Government. (*Id.* Ex. E.). Prior to Petitioner's sentencing, the Government filed a motion pursuant to U.S.S.G. § 5K1.1 that set forth the assistance provided by Petitioner in the prosecution of others. At sentencing on April 1, 2008, the District Court granted the Government's motion, and departed downward five levels to a Sentencing Guideline level 25, with a criminal history category VI (14 points). As such, Petitioner was sentenced to a term of imprisonment of 114 months instead of a range of 168 - 210 months. (*Id.* Ex. F. at 16:3-16:14.). On April 11, 2008, Petitioner appealed the final judgment of the District Court, but later withdrew that appeal on August 25, 2008.

On or about August 17, 2009, Petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to Title 28 U.S.C. § 2255. (Doc. No. 1). Subsequently, in response to the Court's letter issued pursuant to *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), Petitioner informed the District Court that he desired his § 2255 motion ruled upon as filed. (Doc. No. 3).

---

[2] On June 24, 2011, Chief Judge Brown reassigned this case to the undersigned. (Doc. No 22). In light of that, for the sake of clarity, throughout this memorandum opinion proceedings before Chief Judge Brown will be referenced as before "Chief Judge Brown" or "the District Court". Conversely, proceedings before the undersigned will be referenced as before "this Court".

Ultimately, the Government filed its Answer on November 2, 2010 (Doc. No. 20), and Petitioner replied on November 16, 2010.  (Doc. No. 21).

Petitioner's §2255 motion is based on 3 grounds.  First, Petitioner contends that his right to due process of law as guaranteed by the Fifth Amendment to the United Stated Constitution was denied when the prosecution promised an unrealistic sentence of 60 months imprisonment.  Second, he argues that his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was denied when his counsel thought a sentence of 60 months imprisonment would be incurred.  Third, Petitioner claims that both issues led him to enter a constitutionally invalid plea; and he now argues that he is entitled to an evidentiary hearing on these allegations.   (Petitioner's Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence ("Mem. Of Law") at 1).   In its answer to Petitioner's §2255 motion, the Government asserts that Petitioner's Fifth Amendment claim is meritless.  With regard to Petitioner's Sixth Amendment claim, the Government argues that Petitioner has failed to satisfy the legal test for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984).  Finally, the Government argues that Petitioner is not entitled to an evidentiary hearing because his allegations are frivolous based upon the record.

Having reviewed the parties' submissions, this Court agrees with the Government and will deny Petitioner's petition for the following reasons.

## II.    DISCUSSION

### A.  Standard of Review For 28 U.S.C. § 2255

By its terms, 28 U.S.C. § 2255 permits a court to vacate, correct or set aside a sentence that:

> [w]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  However, the Third Circuit has expressed a strong preference that an ineffective assistance of counsel claim be brought before the district court in the first instance in a motion under Title 28 U.S.C. § 2255.  *See United States v. DeRewal*, 10 F. 3d 100, 103 (citing *United States v. Rieger*, 942 F.2d 230, 235 (3d Cir. 1991)).  Since it is appropriate to raise a claim of ineffective assistance of counsel under § 2255, rather than on direct appeal, "the failure to raise such a claim on direct appeal should not be treated as a procedural fault."  *Id*.  This Court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous based on the existing record. *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d. Cir. 1989).

## B.  Application

### 1.  Petitioner's Prosecutorial Misconduct Argument

In his present petition, Petitioner argues that the prosecution engaged in misconduct during plea negotiations because Petitioner asserts that he was promised by the prosecution that a guilty plea would result in a 60 month term of incarceration, should assistance be provided to law enforcement personnel in the prosecution of other defendants.  This Court concludes that this claim is meritless. Indeed, Petitioner was not denied his right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution because the Government did not engage in misconduct during plea negotiations.  Therefore, Petitioner's plea was constitutionally valid.  Not only was

Petitioner's plea knowing and voluntary, but the evidence in the record also contradicts Petitioner's claims.

In order for a plea to be accepted, there must be a showing of a knowing and intelligent waiver of the defendant's constitutional rights (e.g. privilege against compulsory self-incrimination, right to trial by jury etc.). *See Boykin v Alabama*, 395 U.S. 238 (1996). A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Thus, Federal Rule of Criminal Procedure 11(b) requires a court to advise the defendant of his rights and to ascertain whether he waives those rights. The rationale for this rule is to assure, on the record, that the defendant is aware of the consequences of his plea. Consequently, "[a] habeas petitioner faces a heavy burden in challenging the voluntary nature of his guilty plea, for the plea hearing is specifically designed to uncover hidden promises or representations as to the consequences of a guilty plea." *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir.1991); *Zilich v. Reid*, 36 F.3d 317, 320-21 (3d Cir. 1994). "A collateral challenge to a guilty plea may be summarily dismissed when [a petitioner's] allegations . . . are inconsistent with the bulk of his conduct, and when he offers no detailed and specific facts. . . ." *Lesko*, 925 F.2d 1527, 1537-38. Furthermore, "bald assertions and conclusory allegations do not afford sufficient ground for an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185-86 (3d Cir. 1987). The Supreme Court has also made clear that a petitioner collaterally attacking his plea "may not ordinarily repudiate' statements made to the sentencing judge when the plea was entered." *Blackedge v. Allison*, 431 U.S. 63, 71 (1977).

The evidence in the record demonstrates that Petitioner's guilty plea was knowing and voluntary. Petitioner's claims are wholly contradicted by his sworn statements during a Rule 11

hearing.  Accordingly, Petitioner's previously sworn statements in court, and particularly those given during his plea colloquy, pose a "formidable barrier" to the success of his claim, *Blackledge*, 431 U.S. 63, 74, because "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*; *see Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir.1991) (defendant seeking to challenge voluntariness of plea "faces a heavy burden" in light of plea hearing).

Petitioner appeared before the District Court on August 21, 2007 for a Rule 11 hearing. During the plea colloquy, Chief Judge Brown engaged Petitioner regarding the basis and the voluntariness of his plea.  Petitioner agreed to all of the answers in the Rule 11 form and stated that he would give the same answers if he were asked those questions in open court.  (Gov's Ans. Ex. B at 6:19-7:1).  Twice during the Rule 11 hearing, Petitioner provided unequivocal confirmation that he understood that the Plea Agreement contained all of the terms of the deal that his counsel negotiated for him and that no one made any promises or offers to him of anything, other than what appears in his Plea Agreement.   (*Id*. Ex. B at 10:10-10:12; 18:8-18:11).   Petitioner also acknowledged that his sentence was entirely within the discretion of the sentencing judge so long as it does not exceed statutory maximum penalties.  (*Id*. Ex. B. at 14:19-16:11).   Thus, for the forgoing reasons, this Court concludes that Petitioner's plea was knowing and voluntary.

Furthermore, the evidence in the record contradicts Petitioner's claim of prosecutorial misconduct.  The Petitioner has made five sworn statements about the issue of whether any promises were made to him regarding what sentence he may receive: (1) Petitioner signed the Rule 11 form (*Id.* Ex. C.); (2) Petitioner was questioned during his Rule 11 hearing (*Id*. Ex. B.); (3) Petitioner testified and was cross-examined about his cooperation agreement with the Government when he testified as a cooperator in the Eastern District of Pennsylvania (*Id*. Ex. E.); (4) Petitioner was

questioned about promises made to him at his sentencing hearing (*Id*. Ex. F.); and (5) Petitioner submitted a sworn affidavit in support of his §2255 motion. The first four statements ((1)-(4)) support the Government's contention that no prosecutorial misconduct occurred. The final statement ((5)) is the *only* evidence provided by Petitioner in support of his allegation of prosecutorial misconduct. (*see* Mem. Of Law at 13). Accordingly, Petitioner's affidavit in support of his §2255 motion is discredited because there is compelling evidence in the record that he was never promised a 60 month sentence. Not only is Petitioner's affidavit in contrast to the affidavits submitted by Assistant United States Attorneys (Gov's Answer. Ex. K. and Ex. M.) and Petitioner's former counsel (*Id*. Ex. L.), but it is also contradicted by prior sworn statements of Petitioner. Therefore Petitioner's claim of prosecutorial misconduct is meritless, and Petitioner's arguments for relief on that basis fail.

### 2. Petitioner's Ineffectiveness of Counsel Argument

The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v Richardson*, 397 U.S. 759, 771 (1970); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991).

A defendant seeking to show that his counsel was constitutionally ineffective must meet a "highly demanding" standard. *Lockhard v. Fretwell*, 506 U.S. 364, 378 (1993). A petitioner's ineffective assistance claim is governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* test, this Court should ask whether counsel's representation "fell below an objective standard of reasonableness." *Id*. at 687-88. This Court

should then ask whether the defendant was prejudiced.  To meet the prejudice prong, the petitioner must demonstrate that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Counsel renders deficient performance when he makes "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  When assessing claims of deficient performance, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688.  This Court should ask "whether counsel's assistance was reasonable considering all the circumstances." *Id*.  To establish deficient performance, it is not enough for the petitioner to show that his attorney's strategy was merely wrong, or his actions unsuccessful; he must demonstrate that the actions his attorney took were "completely unreasonable." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

Petitioner's ineffective assistance claim fails because it does not satisfy the *Strickland* test. Petitioner argues that his counsel provided ineffective assistance in that he understated the risks associated with pleading guilty pursuant to the Government's plea offer because he told Petitioner that a guilty plea would result in a sentence of a 60 month term of incarceration.  In support of his claim, the petitioner advances two arguments.

First, Petitioner argues that his counsel's promise of a 60 month term of incarceration resulted in the entering of a constitutionally invalid plea.  However, the evidence in the record shows that Petitioner was fully aware of the consequences of his plea and was questioned about it during the Rule 11 hearing (Gov's. Answer Ex. B.), the *Hagins* trial (*Id*. Ex. E.) and the sentencing hearing.

8

(*Id.* Gov's Answer Ex. F.).  Furthermore, the evidence in the record clearly shows that Petitioner's plea was knowing and voluntary.  Petitioner was informed of the consequences of his plea and acknowledged that he understood those consequences.  He also affirmed no promises or offers were made to him.

Second, Petitioner claims that at no time did his counsel discuss with Petitioner the impact his prior convictions would have upon his sentence.  This is belied by the evidence in the record, particularly in the Plea Agreement where Petitioner confirms that his counsel provided him with satisfactory assistance, that no promises had been made to him and that Petitioner understood the impact of his prior convictions.  Furthermore, Petitioner's former counsel has provided an affidavit belying the Petitioner's claims.  (Gov.'s Answer Ex. L.).  For the foregoing reasons, Petitioner's claim of ineffective assistance of counsel fails the first prong of the *Strickland* test.

A claim for ineffectiveness of counsel will not succeed unless a petitioner satisfies both prongs of the *Strickland* test.  Once this Court determines that one prong of the test has not been satisfied, Petitioner's ineffectiveness claim fails, and this Court need not proceed further with the analysis.  *Strickland*, 466 U.S. at 497 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order [as the *Strickland* court] or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . .).  However, for the purposes of completeness this Court will also demonstrate how Petitioner does not meet the second prong of the *Strickland* test.

Petitioner is unable to meet the second prong of the test because he was not prejudiced.  Petitioner is unable to show that he was prejudiced because he received the benefit of the Government's § 5K1.1 and § 3553(e) downward departure motion in consideration for his

cooperation with law enforcement in the *Hagins* trial.   Consequently, the Chief Judge Brown departed downward five levels, effectively reducing Petitioner's sentence from a 168 - 210 month range sentence to a term of 114 months.  Given the facts and circumstances in this case, there is no reasonable probability that the result of the proceedings would have been different.

The evidence in the record strongly contradicts Petitioner's claim that his counsel's assistance was unreasonable.  As Petitioner has failed to prove any deficiency in counsel's performance and has failed to demonstrate any prejudice, Petitioner's claim for ineffective assistance of counsel fails.

### 3.  Evidentiary Hearing

Under § 2255, a district court is required to conduct an evidentiary hearing "unless the motion and files and records of the case conclusively show that prisoner is entitled to no relief." "[An evidentiary] hearing must be granted when the facts alleged in the motion would justify relief, if true, or when a factual dispute arises as to whether or not a constitutional right is being denied." *Smith v. United States*, 635 F.2d 693, 696 (8th Cir. 1980); *Lindhorst v. United States*, 585 F.2d 361, 365 n. 8 (8th Cir. 1978).

Whether to conduct a hearing is within this Court's sound discretion.  *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992).  In exercising that discretion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Day*, at 41-42.  A § 2255 motion "can be dismissed without a hearing [only] if (1) the petitioner's allegations, accepted as true would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  The Court should view the factual

allegations in the light most favorable to the petitioner.  *Government of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994) (district court erred when it failed to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel).

In the present case, Petitioner's allegations are "clearly frivolous on the basis of the existing record."  *Day*, 969 F.2d at 41-42.  Petitioner's allegations cannot be accepted as true because they are wholly contradicted by the record, particularly by Petitioner's multiple prior sworn statements as noted above.  For the foregoing reasons, Petitioner is not entitled to an evidentiary hearing.

### 4.  Certificate of Appealability

After ruling on a §2255 petition, this Court must decide whether to grant a certificate of appealability to the Third Circuit.  *See Blasi v. Attorney General of the Commonwealth of Pennsylvania*, 120 F. Supp.2d 451, 478 (M.D. Pa. 2000); *Harabou v. Albright*, 82 F. Supp.2d 347, 353 (D.N.J. 2000); *Sepulveda v. United States*, 69 F. Supp.2d 633, 642 (D.N.J. 1999).  As a result of the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner under § 2255 may not appeal as of right from an adverse decision.  Instead, a petitioner must first obtain a certificate of appealability.  District judges, as well as circuit judges, are authorized to issue certificates of appealability.  *See United States v. Eyer*, 113 F.3d 470, 472-73 (3d. Cir. 1997).

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Barefoot v. Estelle*, 463 U.S. 880, 892 (1983), the Supreme Court ruled that a petitioner could obtain a certificate of probable cause under the unamended version of § 2253 by demonstrating the denial of a "federal right."  Although it is presently undecided in the Third Circuit whether the denial of a "federal right" is the equivalent to the denial of a "constitutional right," *see, e.g. Santana v. United States*, 98 F.3d 752, 757 (3d Cir.

1996), the Supreme Court has applied the *Estelle* standard in determining whether a petitioner is entitled to a certificate of appealability.  *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (holding that "[e]xcept for substituting the word "constitutional" for the word "federal," § 2253 is a codification of the CPC [certificate of probable cause] standard announced in *Barefoot v. Estelle*, 463 U.S. at 894."); *see also Story v. Kindt*, 970 F. Supp. 435, 464-65 (W.D. Pa. 1997); *Burke v. United States*, Civ. A. No. 96-3249, 1996 WL 711270 at *3 (E.D. Pa. Dec. 5, 1996).  The *Estelle* court explained that:

> In requiring a . . . 'substantial showing of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

463 U.S. at 893 n.4.  Therefore, to obtain a certificate of appealability, a petitioner must demonstrate that the issues raised are debatable among jurists of reason, and that another court could resolve the issues presented in a contrary manner.  *See id.*

For the reasons discussed above, this Court concludes that the issues raised by Petitioner are not debatable among jurists of reason and that the claims are not deserving of further encouragement.  Petitioner has not made a substantial showing of the denial of either a constitutional or so-called "federal" right.  Accordingly, no certificate of appealability under 28 U.S.C. § 2253(c) will issue in this case.

After reviewing the parties' submissions, which included a supplemental reply by Petitioner, this Court concludes that the parties' submissions and the record show conclusively that Petitioner is not entitled to relief for the reasons stated above.

III.    **CONCLUSION**

For the foregoing reasons, Petitioner's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied, and this Court will not issue a certificate of appealability.  An appropriate form of order accompanies this memorandum opinion.


*s/Peter G. Sheridan*
**PETER G. SHERIDAN, U.S.D.J.**


September 12, 2011